## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| NICOLE MOSS | ) | |
| a/k/a NICOLE THREADCRAFT | ) | |
| a/k/a NICOLE THREADCRAFT-MOSS | ) | CASE NO.: 16-18641-REF |
| a/k/a NICOLE MOSS-THREADCRAFT | ) | |
| a/k/a NICOLE HOLMES, Debtor | ) | |
| | ) | |
| | ) | **HEARING DATE:** |
| CAPITAL ONE AUTO FINANCE, A | ) | Thursday, June 22, 2017 |
| DIVISION OF CAPITAL ONE N.A. | ) | 9:30 a.m. |
| Movant | ) | |
| | ) | **LOCATION:** |
| vs. | ) | U.S. Bankruptcy Court |
| NICOLE MOSS a/k/a NICOLE THREADCRAFT | ) | The Madison Building |
| a/k/a NICOLE THREADCRAFT-MOSS | ) | Courtroom No. 1 |
| a/k/a NICOLE MOSS-THREADCRAFT a/k/a | ) | 400 Washington Street |
| NICOLE HOLMES and LAVINCE MONTELL | ) | Reading, PA 19601 |
| HOLMES, Codebtor | ) | |
| Respondents | ) | |
| | ) | |
| and | ) | |
| FREDERICK L. REIGLE | ) | |
| Trustee | ) | |

## STIPULATION

COME NOW, this _____ day of _____, 2017, Nicole Moss, Debtor and Lavince Montell Holmes, Codebtor, through Debtors, attorney, *Zachary Zawarski, Esquire*, and Capital One Auto Finance, a Division of Capital One N.A., ("COAF") by and through its attorneys, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief:

WHEREAS the Debtors own a 2015 Chevrolet Truck Equinox Utility 4D LT 2WD, V.I.N. 1GNALBEK0FZ134875; and

WHEREAS COAF filed a Motion for Relief ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtors have filed a Response to the Motion; and

WHEREAS the Debtors and COAF seek to resolve the Motion; it is hereby stipulated and

agreed that:

1. The Debtors paid post-petition arrears in the amount of $1,916.28 due through May 3, 2017 in COAF's Motion.

2. Within ten (10) days of the entry of this stipulation, the Debtors shall move to amend his Chapter 13 Plan to provide for the attorney's fees in the amount of $481.00.

3. Failure to have the Plan amended to conform to this Stipulation is an event of default.

4. Thereafter, the Debtors shall remain current with regular monthly payments starting with the regular monthly payment of $479.07 that became due on May 27, 2017, and all such future payments due on the 27th of each month thereafter.

5. If Debtors shall fail to make their regular monthly payments (or any portion thereof) or fail to get confirmed an Amended Plan conforming to this Stipulation and Debtors fail to cure said default within ten (10) days after notice by COAF (or its counsel) of said default, counsel for COAF may file a Certification of Default with the Court setting forth Debtors' default and COAF shall be granted immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362 and §1301), and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtors shall be allowed to default and cure such default under this Stipulation one (1) time. Should the Debtors default a second (2nd) time, notice of the default will be served, but the Debtors will not be granted an opportunity to cure the default and COAF may file a Certification of Default.

6. In the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtors shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtors fail to make payment in accordance with this paragraph, then COAF, through counsel, may file a Certification of Default setting forth said failure and COAF shall be granted immediate relief from the automatic stay provisions of Sections 362 and 1301 of the Bankruptcy Code (11 U.S.C. § 362 and §1301) and COAF is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

7. The failure by COAF, at any time, to issue a Notice of Default or file a

Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of COAF's rights hereunder.

8. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

9. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

10. The fourteen (14) day stay provided by Rule 4001(a)(3) is hereby waived

**Date: July 24, 2017**

BY THE COURT:

_____
Richard E. Fehling
U.S. BANKRUPTCY JUDGE

| | |
|---|---|
| Arrears: | $ 0.00 |
| Counsel Fees: | $ 481.00 |
| Total: | $ 481.00 |

Creditor: Capital One Auto Finance,
A Division of Capital One N.A.
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
1333 Race Street
Philadelphia, Pennsylvania 19107
(267) 909-9036

DATED: 7/19/17

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

Debtors: Nicole Moss, Debtor and Lavince Montell Holmes, Codebtor
By Counsel for Debtor: Zachary Zawarski, Esquire

By: _____
Zachary Zawarski, Esquire
The Law Office of Zachary Zawarski
1441 Linden Street
Bethlehem, PA 18018
(610) 417-6345

DATED: 6/27/2017

Standing Chapter 13 Standing Trustee

By: _____
Frederick L. Reigle, Trustee
2901 St. Lawrence Avenue
P.O. Box 4010
Reading, PA 19606
(610) 779-1313

DATED: 7/20/17